IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **CHARLES ANTHONY HALL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:04CV01097 |
| | ) |
| **EMILO PAGAN, Superintendent,** | ) |
| **Morrison Correctional Institution,** | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Anthony Hall, a prisoner of the State of North Carolina, on November 1, 2001, in the Superior Court of Forsyth County, was convicted after trial by jury of obtaining property by false pretenses and achieving the status of habitual felon. He was sentenced by Judge Judson D. DeRamus, Jr. to 150-189 months imprisonment. On March 4, 2003, the North Carolina Court of Appeals issued an unpublished opinion finding no prejudicial error, and the Supreme Court of North Carolina denied certiorari review on June 12, 2003. The Supreme Court of the United States denied certiorari on December 1, 2003. Petitioner was represented at trial by attorney David V. Liner and on appeal by attorneys Eugene Metcalf and Bruce T. Cunningham, Jr.

Petitioner, represented by Mr. Cunningham, filed his federal habeas corpus petition in this court on November 23, 2004.

## Claims of the Petition

In his petition, Petitioner Hall claims that: (1) the imposition of a sentence of 150-189 months without parole for obtaining two pillows, a mattress pad and a seven dollar gift card by false pretenses, constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments; (2) defense counsel's failure to ask any questions, present any evidence, or make any argument, constituted ineffective assistance of counsel *per se*, in violation of the Sixth and Fourteenth Amendments; (3) the combined use of two structured sentencing statutes, both of which automatically enhance punishment based on prior record, constitutes double jeopardy in violation of the Fifth and Fourteenth Amendments; and (4) the indictment of Petitioner as an habitual felon, when others similarly situated are not so indicted, deprived Petitioner of equal protection under the Fourteenth Amendment.

## Statement of Facts

The North Carolina Court of Appeals summarized the evidence adduced at Petitioner Hall's trial as follows:

> The State's evidence tended to show the following: On 12 December 2000, defendant went to Linens 'N Things. He picked up a massager from a store display and presented it to the cashier and said he was making a return. He did not have a receipt and could only get a store credit. Defendant picked out two pillows and a mattress pad. These items cost less than the massager and defendant was given a gift card for the balance of approximately $7.00.
>
> The cashier requested defendant's driver's license, which he provided. He yelled that she was typing in an incorrect number and cursed at the cashier. The cashier called the manager, who had previously dealt with defendant returning merchandise without a receipt. Defendant eventually left with two pillows, the mattress pad and the $7.00 gift card.

> After defendant left the premises, the cashier and the manager told another store clerk about the incident. The store clerk stated that he had seen defendant enter the store empty-handed and pick the massager up from a display. The manager then called the police.
>
> The State presented evidence under Rule 404(b) of the North Carolina Rules of Evidence that this was not the first time defendant had "returned" merchandise that he had picked up upon entering a store. On 11 February 1997, defendant tried to return a pair of shoes at Rack Room Shoes for a cash refund. He subsequently picked out a cheaper pair of shoes for an exchange and received the balance in cash.
>
> Defendant's evidence tended to show the following: On the night of 12 December 2000, defendant's girlfriend, Penny Littlejohn, was a passenger in his car. He parked in front of Linen 'N Things, retrieved a box from the trunk, and entered the store. Defendant testified that he had purchased the massager at a different Linen 'N Things store in Durham for use by elderly members of his church. He further testified that the church had the receipt and that efforts to retrieve it had been unsuccessful.
>
> The jury found defendant guilty of obtaining property by false pretenses, a felony. The trial court then proceeded to the habitual felon stage of the trial before the same jury. The State presented evidence of three prior felony convictions, and the jury found defendant guilty of being an habitual felon. He was sentenced to an active sentence in the N.C. Department of Corrections of 150 to 189 months.

*State v. Hall*, No. COA02-460, 2003 N.C. App. LEXIS 504, at *1-3 (N.C. Ct. App. Mar. 4, 2003).

## Discussion

Claim (1) – the imposition of a sentence of 150-189 months without parole for obtaining two pillows, a mattress pad and a seven dollar gift card by false pretenses, constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

The North Carolina Court of Appeals addressed this claim as follows:

-3-

> In his seventh and eighth assignments of error, defendant argues that the imposition of a sentence of 150 to 189 months in prison for obtaining two pillows and a mattress pad by false pretenses constitutes cruel and unusual punishment and that the habitual felon act violates his due process right to be able to provide a defense. We disagree.
>
> Defendant presents these arguments for the first time on appeal. In *State v. Hunter*, 305 N.C. 106, 286 S.E.2d 535 (1982), our Supreme Court held "the theory upon which a case is tried in the lower court must control in construing the record and determining the validity of the exceptions. Further, a constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal." *Id.* at 112, 286 S.E.2d at 539 (citing *State v. Dorsett*, 272 N.C. 227, 158 S.E.2d 15 (1967)). As defendant did not rely on constitutional grounds at trial, we decline to address defendant's arguments now.

*Hall*, 2003 N.C. App. LEXIS 504, at *11-12.

Federal review of Petitioner's Claim (1) is barred by reason of Petitioner's procedural default committed before the state courts. *See generally, Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (federal courts ordinarily will not review a claim that is procedurally defaulted). Petitioner Hall has done nothing in this action to show either "cause and prejudice" with respect to his default, or "actual innocence" of the charge against him. *See generally Thomas v. Davis*, 192 F.3d 445, 450 n.2 (4th Cir. 1999) (Petitioner can obtain federal review of procedurally defaulted claim only if he can show "cause and prejudice" or "actual innocence."). Claim (1) should be dismissed upon the basis of procedural bar.

Claim (2) – defense counsel's failure to ask any questions, present any evidence, or make any argument, constituted ineffective assistance of counsel *per se*, in violation of the Sixth and Fourteenth Amendments.

Petitioner's argument under Claim (2) is directed to the habitual felon phase of his trial before the state superior court, not the guilt phase. When Petitioner presented this claim to the North Carolina Court of Appeals, that court rejected the claim, reasoning:

> By his first and second assignments of error, defendant argues ineffective assistance of counsel. We disagree.
>
> In order to establish ineffective assistance of counsel, a defendant must establish: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the defendant was prejudiced by his attorney's performance to the extent that there exists a reasonable probability that the result of the trial would have been different absent the error. *State v. Jaynes*, 353 N.C. 534, 547-48, 549 S.E.2d 179, 191 (2001), *cert. denied*, 535 U.S. 934, 152 L.Ed.2d 220, 122 S.Ct. 1310 (2002).
>
> Here, defendant argues ineffective assistance of counsel in that his attorney did not make any opening or closing argument or present evidence during the habitual felon status portion of the trial. However, the transcript of the trial proceedings reveals that his attorney, David Liner, provided competent assistance to defendant throughout the trial. During the trial on the obtaining property by false pretenses charge, defendant had already admitted to numerous felony convictions in addition to the three felonies used by the State to show his habitual felon status. During the habitual felon stage of the trial, the State introduced court records confirming defendant's three prior felony convictions. Thus, there was no dispute concerning defendant's habitual felon status. Ineffectiveness of counsel is not presumed simply because Mr. Liner did not present evidence during this phase of the proceedings. *See also Bell v. Cone*, 535 U.S. 685, 152 L. Ed. 2d 914, 122 S. Ct. 1843, *reh'g denied*, 536 U.S. 976, 153 L. Ed. 2d 866, 123 S. Ct. 2 (2002).
>
> Defendant further argues that Mr. Liner did not present any evidence at the sentencing hearing from which the trial court could find the existence of mitigating factors. We disagree.

> Defendant was sentenced in the presumptive range. It is well-established that the trial court does not need to make findings of mitigating and aggravating factors when a defendant is sentenced in the presumptive range. *State v. Campbell*, 133 N.C. App. 531, 542, 515 S. E. 2d 732, 739, *reh'g denied*, 351 N.C. 111, 540 S. E. 2d 370 (1999). Here, given defendant's extensive criminal history and his own testimony, we find that a reasonable probability that the result of the trial would have been different absent the alleged error does not exist. *See State v. Crain*, 73 N.C. App. 269, 326 S. E. 2d 120 (1985). Defendant fails to establish ineffective assistance of counsel by the two-part test. We find no merit in these assignments of error.

*Hall*, 2003 N.C. App. LEXIS 504, at *3-6.

This Court reviews the state-court adjudication of Petitioner's Claim (2) under the deferential standard established in 28 U.S.C. § 2254(d)(1). Under that section, the court may not grant a habeas petition unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." Applying that standard of review to this case, the Court finds that Claim (2) is without merit as a habeas claim. The North Carolina Court of Appeals clearly made a reasonable application of federal law regarding ineffective assistance of counsel. In accordance with *Strickland v. Washington*, 466 U.S. 668 (1984), it applied the familiar two-part test under the Sixth Amendment. It was reasonable to apply *Strickland v. Washington* rather than *United States v. Cronic*, 466 U.S. 648 (1984), under which prejudice is presumed, because the record in this case supports a conclusion that counsel did not "abandon" Petitioner Hall or fail to provide adversarial testing of the State's case. Petitioner's counsel represented Petitioner forcefully at the guilt phase of trial and argued competently on Petitioner's behalf at

sentencing. Without contradiction, the record shows that there was no evidentiary or other basis upon which to contend against a finding that Petitioner was an habitual felon under state law. *See Bell v. Cone*, 535 U.S. 685 (2002) (*Strickland v. Washington* applies rather than *United States v. Cronic* where counsel was alleged to have been deficient at specific points during sentencing).

The court of appeals focused upon the prejudice prong of the *Strickland v. Washington* test. It found no reasonable probability of a different outcome at sentencing had counsel not been deficient in the manner alleged. This is surely a reasonable conclusion under the facts of this case. Petitioner received the presumptive sentence applicable to his charge of conviction and habitual felon status. The trial judge had heard the evidence of Petitioner's extensive criminal record and his testimony at trial. There exists no reasonable probability of an outcome more favorable to Petitioner but for the error ascribed to counsel under Claim (2). Accordingly, this Court finds the decision of the North Carolina Court of Appeals to be a reasonable application of clearly established federal law. Petitioner's Claim (2) should be denied on the merits.

<u>Claim (3) – the combined use of two structured sentencing statutes, both of which automatically enhance punishment based on prior record, constitutes double jeopardy in violation of the Fifth and Fourteenth Amendments; Claim (4) – the indictment of Petitioner as an habitual felon, when others similarly situated are not so indicted, deprived Petitioner of equal protection under the Fourteenth Amendment.</u>

These precise legal claims have recently been considered and rejected by this court. In *Parks v. Boyette,* No. 1:03CV00701 (M.D.N.C. May 12, 2004), this court (per Judge

-7-

William L. Osteen, adopting the Recommendation of Magistrate Judge Wallace W. Dixon) explicated the reasons why the claims articulated here by Petitioner Hall are without merit as habeas corpus claims. The 4th Circuit Court of Appeals denied a certificate of appeal. *Parks v. Boyette*, No. 04-6954, 114 Fed. Appx. 573 (4th Cir. Nov. 23, 2004)(unpublished), *cert. denied*, ___ U.S. ___, 125 S. Ct. 1935 (2005). This Court finds the analysis in *Parks v. Boyette* to be persuasive in all respects and to be fully dispositive of Claims (3) and (4), and adopts and incorporates the analysis herein. *Parks v. Boyette*, No. 1:03CV00701 (M.D.N.C. Mar. 23, 2004) (Recommendation of United States Magistrate Judge, at 2-13).

Accordingly, Claims (3) and (4) should be denied as without merit.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Respondent's motion for summary judgment (Pleading No. 5) be granted, that Petitioner's cross-motion for summary judgment (Pleading No. 7) be denied, and that the habeas petition of Charles Anthony Hall be dismissed with prejudice.

                                                 /s/ P. Trevor Sharp
                                               United States Magistrate Judge

Date: February 13, 2006